IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:03CV585-1-MU

| | |
|---|---|
| HOWARD EUGENE SAFRIT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| TODD PINION, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary Judgment, filed February 13, 2004.

Upon a review of the record, the arguments, and applicable authorities, the Court finds that Respondent's motion for summary judgment should be granted and Petitioner's § 2254 petition for writ of habeas corpus should be dismissed.

**PROCEDURAL BACKGROUND**

On October 7, 1999, Petitioner was convicted in the Superior Court in Union County, after a trial by jury, of assault with a deadly weapon as a violent habitual felon. Petitioner was sentenced to life imprisonment without parole. Petitioner filed a direct appeal. On August 21, 2001, the North Carolina Court of Appeals found no error in Petitioner's assault conviction but reversed the violent habitual felon conviction and remanded for resentencing. State v. Safrit, 145 N.C. App. 541 (2001). On November 16, 2001, in the Superior Court of Union County, Petitioner was resentenced to 59-80 months imprisonment. On December 17, 2002, the North

Carolina Court of Appeals affirmed Petitioner's new sentence. On March 27, 2003, the North Carolina Supreme Court denied discretionary review. State v. Safrit, 154 N.C. App. 727 (2002), disc. review denied, 357 N.C. 65 (2003). Petitioner did not collaterally attack his sentence or conviction in state court.

On December 4, 2003, Petitioner filed the instant federal habeas petition. In his federal habeas petition Petitioner alleges that: 1) his resentencing on November 16, 2001, was conducted in violation of the law of collateral estoppel; and 2) his resentencing on November 16, 2001, violated fundamental fairness and the judicial presumption of innocence.

## ANALYSIS

### A. Applicable Law

The threshold inquiries for a federal court reviewing a federal habeas petition are whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are procedurally barred. 28 U.S.C. § 2254. In order to exhaust a claim a petitioner must have fairly presented it to the state courts. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000), cert. denied, 531 U.S. 1193 (2001).

If a petitioner's claim is unexhausted, it may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court. See id. However, when the procedural bar that gives rise to exhaustion provides an independent and adequate state law ground for the conviction and sentence it prevents federal habeas review of the defaulted claim unless the petitioner can establish cause and prejudice for the default. See id.

If a petitioner's claims are exhausted and not procedurally barred, the federal court must

next examine whether or not the petitioner's claims were "adjudicated on the merits" by the state court. If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in 28 U.S.C. § 2254(d) applies. If a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits,[1] a federal court reviews the claims questions of law and mixed questions of law and fact de novo. Angelone v. Weeks, 176 F.3d 249, 258 (4th Cir. 1999), aff'd, 528 U.S. 225 (2000).

The standard of review set forth in § 2254(d) is to be applied to "all claims 'adjudicated on the merits,' that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999). The standard of review is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001), cert. denied, 535 U.S. 1104 (2002). This deference extends to summary dismissals. See Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001).

Pursuant to § 2254(d) a federal court may not grant a writ of habeas corpus unless the state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ." Id. (internal citations omitted).

---

[1] If the state court has not ruled on the merits of a claim because it has expressly denied a habeas petitioner's claim based upon an independent and adequate state procedural rule such claim is considered procedurally defaulted in federal court. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

3

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

**B. Collateral Estoppel**

Petitioner argues that his resentencing on November 16, 2001, was conducted in violation of the doctrine of collateral estoppel. More specifically, Petitioner alleges that the trial court unconstitutionally used the 1973 and 1977 felony convictions at issue to establish his prior record level because he had already been determined not to be a violent habitual felon based upon these two convictions.

Petitioner raised this exact claim on direct review. In denying Petitioner's claim, the North Carolina Court of Appeals held that:

> It is clear that the difference in the relative burdens of proof in the criminal and civil actions precludes the application of the doctrine of collateral estoppel." Dowling v. U.S., 493 U.S. 342, 349, 110 S. Ct. 668, 673, 107 L. Ed.2d 708 (1990)(citation omitted) Here, like in a civil action, the burden of proof during a sentencing hearing to determine prior record level is "by a preponderance of the evidence" instead of the much more exacting burden of "beyond a reasonable doubt" required during the trial's substantive phases. Accordingly, in the case sub judice, the issues litigated were not the same and collateral estoppel does not apply. Therefore defendant's first contention is without merit.

Because the state court adjudicated his claim on the merits, in order to prevail on federal habeas review, Petitioner must establish that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

Petitioner contends that the state appeals court decision was contrary to the United States Supreme Court's holding in <u>Ashe v. Swinson</u>, 397 U.S. 436 (1970).[2] In <u>Ashe</u> the Supreme Court held that the Double Jeopardy clause incorporates the doctrine of collateral estoppel. The Supreme Court defined the doctrine of collateral estoppel as "when the issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." <u>Id.</u> at 443.

In <u>Dowling v. United States</u>, 493 U.S. 342 (1990), a subsequent collateral estoppel case, the Supreme Court held that the introduction of evidence relating to a crime that the defendant had previously been acquitted of committing did not violate the Double Jeopardy or Due Process clause of the Constitution. In so ruling, the <u>Dowling</u> Court distinguished <u>Ashe</u> stating that, unlike in <u>Ashe</u>, the prior acquittal did not undermine an ultimate issue in the case before it. <u>Id.</u> at 672. The <u>Dowling</u> Court refused to extend <u>Ashe</u> and the collateral estoppel doctrine to exclude,

---

[2] In <u>Ashe v. Swinson</u>, 397 U.S. 436 (1970), a group of masked men had robbed six men playing poker in the basement of a home. The State unsuccessfully prosecuted the defendant for robbing one of the men. Six weeks later, the defendant was convicted of robbing one of the other players. The Supreme Court held that the defendant's acquittal in the first trial precluded the State from charging him for the second offense. The Supreme Court reasoned that the acquittal verdict could only have meant that the jury was unable to conclude beyond a reasonable doubt that the defendant was one of the bandits. A second prosecution therefore was impermissible because to have convicted the defendant in the second trial the second jury had to have reached a directly contrary conclusion. <u>Id.</u> at 445.

5

in all circumstances, relevant and probative evidence that is otherwise admissible under the Rules of Evidence simply because it relates to alleged criminal conduct for which a defendant has been acquitted.  Id.  In reaching its holding the Supreme Court focused on the different burdens of proof involved.  That is, the Supreme Court noted that the first jury had been unable to conclude beyond a reasonable doubt that the defendant was guilty.  For such information to be admissible in the second trial under Rule 404(b), it needed only to be established by a preponderance of the evidence standard.   The Court held that an acquittal in a criminal case does not preclude the Government from reltigating an issue when it is presented in a subsequent action governed by a lower standard of proof.  Id. At 349; see also  United States v. Watts, 519 U.S. 148 (1997)(holding that a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as the conduct has been proved by a preponderance of the evidence).

     Contrary to Petitioner's assertions, the result in the instant case is dictated by the Supreme Court's decision in Dowling.  Like Dowling, this case concerns fact finding governed by two different burdens of proof.  That is, the state court's earlier acquittal of Petitioner on the violent habitual felon charge merely reflected that his two prior convictions had not been established beyond a reasonable doubt.  Such a finding did not preclude the state court from finding under a preponderance of the evidence standard at his sentencing proceedings that he had two prior convictions. Based upon the above, this Court cannot conclude that the North Carolina Court of Appeals unreasonably applied Supreme Court precedent.  Nor can this Court conclude that the North Carolina Court of Appeals reached a decision that was based on an unreasonable determination of the facts.

C.  **Fundamental Fairness**

Petitioner also alleges that his resentencing violated fundamental fairness and the judicial presumption of fairness.  Petitioner's second habeas claim has the same basic underlying factual allegation as his first claim.

Petitioner raised this claim in his state court proceedings.  The North Carolina Court of Appeals did not specifically rule on this claim.  The North Carolina Supreme Court summarily denied Petitioner's petition for discretionary review.  A summary dismissal is considered an adjudication on the merits sufficient to trigger § 2254(d)'s standard of review.  See Bell v. Jarvis, 236 F.3d 149, 176 (4th Cir. 2000)(en banc).  As set forth below, the state court's decision is correct and is not contrary to nor involved an unreasonable application of clearly established law as set forth by the United States Supreme Court.  Nor is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

The Supreme Court has noted that the category of infractions that violate "fundamental fairness" is very narrow.  Dowling, 493 U.S. at 352.  A fundamental fairness violation occurs when the action complained of violates "those fundamental conceptions of justice which lie at the base of our civil and political institutions," and which define "the community's sense of fair play an decency."  United States v. Lovasco, 431 U.S. 783, 790 (1977)(citations omitted).   The trial court's use of Petitioner's felonious assault and armed robbery convictions to calculate his prior record level simply does not meet this standard.  When addressing a petitioner's contention that the admission of acquitted conduct in a subsequent trial violated the concept of fundamental fairness, the Supreme Court in Dowling held "we decline to use the Due Process clause as a device for extending the Double Jeopardy protection to cases where it otherwise would not

7

apply." Such a statement is equally applicable in the instant case. Petitioner has failed to establish that state court's decision is contrary to or involved an unreasonable application of clearly established law as set forth by the United States Supreme Court or that it is it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Respondent's Motion for Summary Judgment is **GRANTED**; and

2. Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

**Signed: August 9, 2005**

Graham C. Mullen
Chief United States District Judge